UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. |
| | ) | |
| v. | ) | (UNDER SEAL) |
| | ) | |
| BRUCE A. SCHIFFER, | ) | |
| Defendant. | ) | |

**GOVERNMENT MOTION FOR AN**
**ORDER TO SEAL THE INDICTMENT**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves this Honorable Court, pursuant to Fed. R. Cr. P. 6(e)(4), for entry of an Order sealing the Indictment returned in this matter on this date, June 9, 2005, as well as sealing this Motion and this Court's Order sealing these matters, until the arrest of the defendant, at which time the Indictment would be unsealed without further order of the Court. In support of this motion, the United States avers as follows:

An indictment may be sealed pursuant to Rule 6(e)(4) for any legitimate prosecutorial reason, including, primarily as recognized by the Rule itself, to take the defendant into custody and bring him before the court. See United States v. Michael, 180 F.2d 55, 57 (3d Cir. 1949), cert. denied, 339 U.S. 978 (1950); see also United States v. Sharpe, 955 F.2d 49 (5th Cir. 1993); United States v. Southland Corp, 760 F.2d 1366, 1379-80 (2d Cir.), cert. denied, 474 U.S. 825 (1985).

The defendant charged in this case has been indicted for Advertising Child Pornography, under 18 U.S.C. §2251(d)(1)(A), Transporting Child Pornography, under 18 U.S.C. §2252(a)(1), Receiving Child Pornography, under 18 U.S.C. §2252(a)(2), and Possessing Child Pornography,

2

under 18 U.S.C. § 2252(a)(4)(B). A warrant for defendant's arrest will be issued to coincide with the return of the Indictment. Defendant's last known residence is in Washington, D.C. and he is believed still to reside there. Premature public disclosure of the Indictment could adversely impact law enforcement's ability to apprehend the defendant safely and bring him before the Court.

The need safely to take the defendant into custody and bring him before the Court are clearly legitimate prosecutorial reasons upon which this Court may base an order to seal the Indictment, particularly because the time for the Indictment to remain sealed is only that which is necessary to allow law enforcement an opportunity to execute the warrant, and is expected to be of short duration.

WHEREFORE, the United States of America prays that this Honorable Court issue an Order sealing the Indictment returned in this matter on this date, June 9, 2005, as well as sealing this Motion and the Court's Order sealing these matters, until the defendant's arrest, at which time the Indictment shall automatically be unsealed without further order of the Court.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        D.C. Bar No. 451058

By: _____
        Jeanne M. Hauch
        Assistant United States Attorney
        D.C. Bar No. 426585
        Transnational/Major Crimes Section
        555 Fourth Street, N.W., 11th Floor
        Washington, D.C. 20530
        (202) 514-5776
        Jeanne.M.Hauch@usdoj.gov