

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

October 11, 2005

```
                                              FILED
                                              OCT 1 4 2005
By US Mail and Fax                          NANCY MAYER WHITTINGTON, CLERK
David Bos, Esq.                                U.S. DISTRICT COURT
Office of the Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004

Tel: 202-208-7500
Fax: 202-208-7515
```

Re: <u>United States v. Bruce Schiffer</u>,
    Cr. No. 05-225 (PLF)

Dear Mr. Bos:

This letter sets forth the plea agreement this Office is willing to enter into with your client, Bruce Schiffer. The offer expires on **Friday, October 14, 2005**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

1. **Charges**. Your client agrees to admit guilt and enter a plea of guilty to four counts of the Indictment: one count of Advertising Child Pornography, in violation of 18 U.S.C. § 2251(d), one count of Transporting Child Pornography, in

Initials: [handwritten initials]

violation of 18 U.S.C. §2252(a)(1), one count of Receiving Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4).

It is understood that the guilty plea will be based on a factual admission of guilt to the offenses charged and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. The attached **"Statement of the Offenses," Attachment A** hereto, is a fair and accurate description of the evidence the government believes it can prove regarding your client's actions. Your client accepts the factual proffer and accepts responsibility for the conduct described in the Statement of the Offenses. Prior to the Rule 11 plea hearing, your client will adopt and sign the Statement of the Offenses as a written proffer of evidence by the United States.

2. **Potential penalties, assessments, and restitution**. Your client understands that the offenses to which he is entering a plea contain the following maximum[1] and mandatory minimum penalties: Advertising Child Pornography, in violation of 18 U.S.C. § 2251(d), a minimum term of fifteen (15) years in prison and maximum of thirty (30) years in prison, a fine of $250,000, and a term of supervised release up to life; Transporting Child Pornography, in violation of 18 U.S.C. §2252(a)(1), a minimum of five (5) years in prison, a maximum of twenty (20) years in prison, a fine of $250,000, and a term of supervised release up to life; Receiving Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), a minimum of five (5) years in prison, a maximum of twenty (20) years in prison, a fine of $250,000, and a term of supervised release for up to life; and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4), maximum of ten (10)years in prison, a fine of $250,000, and a term of supervised release of life.

3. **Lifetime Supervised Release**. Your client agrees that he will not oppose the recommendation of the United States to the Court to order the defendant to serve a term of supervised release for the remainder of his life pursuant to 18 U.S.C. § 3583(k).

Your client further agrees that he will not oppose the recommendation of the United States to the Court that the Court

---

[1] Please note that the maximums are subject to increase if a defendant is found to have previously been convicted of certain offenses under certain conditions.

Initials: [handwritten]

impose the following special conditions of supervised release:

A. The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

B. **Treatment.** The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

C. **No Contact With Children.** The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the U.S. Probation Officer. In determining whether to approve such contacts involving members of the defendant's family, the Probation Officer shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

D. **Sex Offender Registration.** The defendant shall register pursuant to 18 U.S.C. §§ 3563 and 3583 as a sex offender as a condition of his supervised release throughout his lifetime. Specifically, your client must report the address where he will reside and any subsequent change of residence to the probation officer responsible for his supervision and he must register in the District of Columbia with the Court Services and Offender Supervision Agency for the District of Columbia and in any State where he resides, is employed, carries on a vocation, or is a student. Additionally, your client agrees that as a term of this agreement, and as a specific term of probation or supervised release, he will register a current address, fingerprints and a current photograph with the Federal Bureau of Investigation and the Metropolitan Police Department of the District of Columbia for inclusion in its national sexual offender database. He further agrees that he will notify the Federal Bureau of Investigation, the Metropolitan Police Department and the State in which he establishes a new residence, not later than 10 days after he establishes a new residence, of the change, and will register a current address, fingerprints and photograph with the Federal Bureau of Investigation, the Metropolitan Police Department and the State.

Initials: _[initials]_

E. **Consent to Searches.** The defendant shall submit to the search by the probation officer of his person, vehicle, office/business, residence and property, including any computer systems and its peripheral devices with the assistance of other law enforcement as necessary. The defendant shall submit to the seizure of contraband found by the probation officer. The defendant shall warn other occupants that his premises may be subject to searches.

F. **DNA sample.** The defendant shall provide a DNA sample as directed by the probation officer.

G. **Consent to Computer Monitoring.** The defendant shall consent, at the direction of the United States Probation Officer, to having installed on his computer(s), any hardware or software systems to monitor his computer use. Monitoring will occur on a random and/or regular basis. The defendant will warn other occupants of the existence of the monitoring software placed on his computer(s).

4. **Fine and Special Assessment.** The parties agree that your client will pay a fine of between $20,000 and $200,000, pursuant to § 5E1.2(c)(3) of the Sentencing Guidelines. The parties will leave for the Court to determine the amount of the fine within that range, depending on your client's ability to pay the fine. In addition, your client agrees to pay a special assessment of $100 per count, for a total of $400, to the Clerk of the Court, U.S. District Courthouse, prior to the date of sentencing. Your client further understands that, pursuant to Section 5E1.2 of the United States Sentencing Guidelines ("Sentencing Guidelines"), the Court may also impose a fine sufficient to pay the federal government the costs of any imprisonment.

5. **No Profit From His Crimes.** Your client agrees to turn over to the United States any and all revenue he receives which is derived from publication or production of any account of the events, facts or circumstances giving rise to this prosecution, unless any such revenues are subject to a court order for payment of damages to any victims of these crimes.

6. **Additional charges.** If your client fulfills all obligations under this plea agreement, at the time of sentencing in this matter, the United States agrees not to charge your client with further offenses relating to his criminal activities described in the Statement of Offenses attached hereto.

-4-                                Initials: [signature]

7. **Detention pending sentencing**. Your client agrees not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client remain detained without bond pending your client's sentencing in this case.

8. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. ~~If your client were found guilty after a trial, your client would have the right to appeal the conviction~~.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

9. **Sentencing Guidelines**. Your client understands that the United States Sentencing Guidelines are advisory to the Court in determining the appropriate sentence. Your client agrees and understands that even though the Sentencing Guidelines are not binding upon the Court, the Court nevertheless should consult the Sentencing Guidelines in determining an appropriate sentence. Accordingly, the parties agree and understand that the defendant's sentence would be guided by the Sentencing Guidelines. The government's determination at this point as to how the Sentencinig Guidelines apply to your client is described in the attached **Application of the Sentencing Guidelines to Bruce Schiffer, Attachment B** hereto.

Your client agrees that the United States can demonstrate by a preponderance of the evidence facts sufficient to establish that your client's offense levels are as outlined in Attachment B

-5-                                     Initials: ___/___

hereto. Under the calculations outlined in Attachment B hereto, your client's total adjusted offense level is 40. Upon entering a plea of guilty, admitting guilt and accepting responsibility for his offenses, your client will receive a downward adjustment of 3 levels for acceptance of responsibility, thus bringing his adjusted offense level to 37. With an expected criminal history category of III, the Sentencing Guidelines range is 262-327 months.

The government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in this agreement. The government further agrees that it will not seek an upward departure from the otherwise applicable range established by the Sentencing Guidelines. Your client agrees that he will not seek a downward departure or any decreases from the otherwise applicable range established by the Sentencing Guidelines.

Your client fully and completely understands that the final determination of how the United States Sentencing Guidelines apply to this case will be made solely by the Court and that the above calculations or recommendations are not binding upon the Court or the United States Probation Office. Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will not void this plea agreement or serve as a basis for the withdrawal of this plea. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

Finally, your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. The defendant is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Court. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, the defendant knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in

-6-    Initials: _____

~~exchange for the concessions made by the United States in this agreement~~.  Further, the defendant reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him.

10. **Forfeiture**.  Your client consents to forfeiture to the United States pursuant to 18 U.S.C. §2253 of all personal property taken from his residence during the search on or about January 14, 2005, including all computer equipment, video tapes, computer storage media, printers, monitors, photographs, books, and computer files, and acknowledges that all of the seized property was used or intended to be used in the distribution, receipt, or possession of child pornography.  He further agrees not to contest any forfeiture action brought against said personal property or raise any affirmative defenses to any forfeiture actions brought by the United States, whether the action is administrative or judicial, civil or criminal.  He further agrees to take whatever steps necessary to pass clear ownership to the United States of such personal property, including, but not limited to, signing documents necessary to transfer ownership.

11. **Reservation of allocution**.  Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter.  The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty.  The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.  The United States reserves the right to appeal the sentence in this case.  In addition, if in this plea agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410,

-7-                          Initials:

rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn.

Any prosecutions of your client not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced against your client in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. Your client knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

12. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury;

-8-    Initials: ____/____

the Immigration and Naturalization Service of the Department of Justice; or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

    13. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

    If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below, initial every page of this agreement and of the attachments, and return the executed plea agreement to us. The original of this plea agreement will be filed with the Court.

Sincerely,

_____
KENNETH L. WAINSTEIN
United States Attorney


_____
JEANNE M. HAUCH
Assistant United States Attorney
Transnational/Major Crimes Section
D.C. Bar #426585
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-5776

_____
SARA GOTTOVI
Trial Attorney
Child Exploitation and Obscenity
    Section, Criminal Division
Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20530

-9-    Initials: _____

   I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

10/14/05
Date

Bruce Schiffer, Defendant

   I am defendant's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

10/14/05
Date

David Bos, Esq.
Counsel for Defendant

-10-                                    Initials:____/____