**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. : 05-225 (PLF)** |
| : | |
| v. : | |
| : | |
| **BRUCE A. SCHIFFER,** : | |
| : | |
| Defendant. : | |
| : | |

**GOVERNMENT'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Fed. R. Crim. P. 32.2, for a Preliminary Order of Forfeiture against the defendant Bruce A. Schiffer. A proposed Preliminary Order of Forfeiture is submitted with this motion.

On June 9, 2005, the Government filed an eleven-count Indictment alleging that defendant Schiffer advertised, transported, received and possessed child pornography. In addition, the defendant's Indictment included a Forfeiture Allegation by which the United States sought the forfeiture of personal property, pursuant to Title 18, United States Code, Section 2253, that was used or intended to be used to commit or to promote the commission of the offenses set forth in the Indictment.

On October 14, 2005, defendant Schiffer pleaded guilty to: (1) advertising child pornography, in violation of Title 18, United States Code, Section 2251(d)(1)(A); (2) transporting child pornography, in violation of Title 18, United States Code, Section 2251(a)(1); (3) receiving child pornography, in violation of Title 18, United States Code, Section 2251(a)(2); and (4) possessing child pornography, in violation of Title 18, United States Code, Section,

2252(a)(4). Defendant Schiffer also agreed to forfeiture of the property set forth in the Indictment, and the guilty plea also established the requisite nexus between the above-described property and the child pornography offenses committed by the defendant.

The Court's jurisdiction in this matter is founded upon Title 18 United States Code, Section 2253, which provides for forfeiture of all property used or intended to be used to commit or to promote the commission of the child pornography violations of Title 18, United States Code, Section 2252.

In light of the defendant's impending sentencing and the identification of the property in the Indictment as being subject to forfeiture, the Government submits that forfeiture is now mandatory. See United States v. Monsanto, 491 U.S. 600, 606 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applies..."); United States v. Gilbert, 244 F.3d 888, 909 (11th Cir. 2001) ("forfeiture is a mandatory element of sentencing") (emphasis in original); United States v. Corrando, 227 F.3d 543, 552 (6th Cir. 2000) (forfeiture is a mandatory aspect of the sentence; district court erred in refusing to order forfeiture of "sufficiently quantifiable" proceeds of RICO offense); United States v. Johnston, 199 F.3d 1015, 1022 (9th Cir. 1999) (criminal forfeiture is mandatory and designed to ensure that a defendant does not profit from his crimes).

Rules 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provide, in pertinent part, that:

> (1) As soon as practicable after a verdict . . . on any count in the indictment . . . with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. . . . The court's determination may be based on evidence already in the record, including any written plea

> agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.
>
> (2) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> (3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence the proceedings that comply with any statutes governing third-party rights. At sentencing -- or at any time before sentencing if the defendant consents -- the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. . . .

Thus, Rules 32.2(b)(1) and (2) require the entry of a Preliminary Order of Forfeiture after the Court has determined what property is subject to forfeiture. Based on the evidence presented at the defendant's guilty plea, the Government submits that the United States has established the requisite nexus between the property specified in the Indictment and listed above and the child pornography offenses. Accordingly, that property is subject to forfeiture pursuant to Title 18, United States Code, Section 2253.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described in the Forfeiture

Allegation of the Indictment. A proposed Preliminary Order of Forfeiture is submitted for the Court's utilization.

                            Respectfully submitted,

                            KENNETH L. WAINSTEIN
                            United States Attorney
                            D.C. Bar Number 451058

By: _____
      Jeanne M. Hauch, DC Bar # 426585
      Assistant United States Attorney
      District of Columbia
      National Security Section
      555 4th Street, N.W.
      Washington, D.C. 20530
      (202) 514-5776

_____
Michelle Morgan-Kelly, DE Bar #3651
Assistant United States Attorney
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94531
(415)436-6960
(Formerly of the Child Exploitation and Obscenity Section, Washington, D.C.)

### **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served by email, fax and US Mail on counsel for the defendant, Michelle Petersen, Esq., and David Bos, Esq., Federal Public Defender for the District of Columbia, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004, Fax: 202-208-7515 on this 17th day of July, 2006.

_____
JEANNE M. HAUCH
Assistant United States Attorney