**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. : 05-225 (PLF) |
| v. | : |
| BRUCE A. SCHIFFER, | : |
| Defendant. | : |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on October 14, 2005, the defendant, Bruce A. Schiffer, pleaded guilty to: (1) advertising child pornography, in violation of Title 18, United States Code, Section 2251(d)(1)(A); (2) transporting child pornography, in violation of Title 18, United States Code, Section 2251(a)(1); (3) receiving child pornography, in violation of Title 18, United States Code, Section 2251(a)(2); and (4) possessing child pornography, in violation of Title 18, United States Code, Section, 2252(a)(4);

WHEREAS, the Indictment also alleged the forfeiture of certain property, which property is subject to forfeiture, pursuant to Title18, United States Code, Section 2253, as property used or intended to be used to commit or to promote the commission of the offenses set forth above;

WHEREAS, this Court has determined based on the evidence set forth during the defendant's guilty plea, the "Subject Property" is subject to forfeiture pursuant to Title18, United States Code, Section 2252(a)(4) and that the Government has established the requisite nexus between such property and violations of Title 18, United States Code, Section 2252;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That this Preliminary Order of Forfeiture is entered in accordance with Fed. R. Crim.

P. 32.2(b)(2), concerning the following Subject Property, and is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 2253:

> All personal property seized by the Federal Bureau of Investigation on January 14, 2005 at 1815 10th Street, N.W., Washington, D.C., from the possession of the defendant, including, but not limited to: (a) HP Pavilion 7920 desktop computer, s/n MX12206684; (b) Dell Inspiration 1150 laptop computer, Model PP08L, s/n D3X3351; (c) KIWI laptop computer, Opennote 6801, s/n 96T1072834; (d) Dell Latitude CPX laptop computer, s/n 8JEBI; (e) Dell Latitude laptop computer, model TS30G1, s/n 6407346BYK0805A; (f) Generic computer labeled 192.168.1.102 containing zip drive; (g) Micron Millennia KKU computer, model Al440LX-P11233-MT, s/n 1128106-0004; (h) Various storage media including compact disks, DVDs, floppy diskettes, compact flash cards, and VHS tapes.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. (No such notice is required to the extent that this Order consists solely of a money judgment against the defendant. Rule 32.2(c)(1).) Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the Preliminary Order of Forfeiture, pursuant to

18 U.S.C. § 2253.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 18 U.S.C. § 2253 for the filing of third party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant

United States Attorney Jeanne M. Hauch, United States Attorney's Office, 555 Fourth Street, NW, Washington, D.C.  20530.

    SO ORDERED.

    Dated this _____ day of _____, 2006.

    _____
    PAUL L. FRIEDMAN
    United States District Judge