UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim No. 05-225 (PLF) |
| ) | |
| BRUCE SCHIFFER ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S SUPPLEMENTAL SENTENCING PLEADING

Defendant, Bruce Schiffer, through undersigned counsel, respectfully submits the following Supplemental Sentencing Pleading in support of his position that the Defendant's Virginia state court conviction in case CR91-0330-00F cannot be used in calculating the Defendant's criminal history calculation. As grounds for this motion, counsel states:

1. As noted in the Pre-Sentence Report (PSR), the sentence in CR91-0330-00F was imposed in 1991. According to the PSR, the sentence imposed was:

> "five years imprisonment, the execution of which was suspended on the condition the defendant 'keep the peace and be on good behavior for a period of 20 years' and serve seven months in the county jail, with credit for time served. Upon release from imprisonment, the defendant was placed on probation and directed to participate in any counseling deemed necessary by the probation officer.

PSR Paragraph 40.

2. On July 26, 1993, after Mr. Schiffer had been on probation for two years, the Virginia Department of Corrections sent a "Probation Termination Request" to the sentencing court. The petition officially requested that Mr. Schiffer's probation be "terminated." At the conclusion of

the petition, the Department of Corrections asked the court to "[p]lease advise whether you approve the request for termination at this time."

3.  On August 11, 1993, Judge L.A. Harris granted the Virginia Department of Corrections' Probation Termination Request.

4.  On August 18, 1993, incorporating the Virginia Department of Corrections' July 26, 1993, Probation Termination Request into the official record, Judge Harris entered an Order "releas[ing] [Mr. Schiffer] from further probation supervision effective this date."[1]

## ARGUMENT

Under USSG §4A1.1(d), a defendant's criminal history score may be increased 2 points if "the defendant committed the instant offense while under any criminal justice sentence, including

---

[1] The Probation Department has obtained non-certified copies of both the July 26, 1993, Probation Termination Request sent to the court by the Virginia Department of Corrections and the August 18, 1993, Order signed by Judge Harris granting the Probation Termination Request, and has allowed counsel to review the documents. It appears, however, the Probation Department has not obtained a copy of the original judgment issued in 1991 containing the actual sentence imposed in the 1991 case.

The Probation Department has also provided the Defendant with a copy of an Order dated June 2, 2006, which states that on March 29, 2006, the sentence imposed in Case No. CR91-330-00F on June 19, 1991, of "confinement in the penitentiary of the Commonwealth for a term of five (5) years, the execution of which sentence which was suspended for (20) years on the condition he serve seven (7) months in the Henrico County Jail, is hereby revoked." The Defendant, however, disputes the legality of the 2006 Order. The 2006 Order does not reference the fact that on August 18, 1993, the Virginia Department of Corrections' Probation Termination Request was granted. Indeed, there is no evidence Judge Harris, the prosecuting attorney or Mr. Schiffer's court-appointed counsel (who never met with Mr. Schiffer to discuss the facts of the 1991 case) were aware of the 1993 proceedings in which Mr. Schiffer's probation was terminated. Finally, even if the 2006 Order is "legal" under Virginia state law, it does not necessarily follow that the 2006 "sentence" can be used for Guideline purposes. Whether a prior sentence is counted in the criminal history is a question of federal law, not state law. See, U.S. v. Gray, 177 F.3d 86, 93 (1st Cir.1999); U.S. v. Jones, 107 F.3d 1147, 1163 (6th Cir.1997); U.S. v. Carney, 106 F.3d 315, 317 (10th Cir.1997); U.S. v. Rayner, 2 F.3d 286, 287 (8th Cir.1993); U.S. v. Kemp, 938 F.2d 1020, 1023-24 (9th Cir.1991); U.S. v. Daniels, 929 F.2d 128, 130 (4th Cir.1991); U.S. v. Unger, 915 F.2d 759, 763 (7th Cir.1990).

probation, parole, supervised release, imprisonment, work release, or escape status." Id.  USSG §4A1.1(d), Application Note 4 states, "'a criminal justice sentence' means a sentence countable under §4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this item to apply.  For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself would not be included." Id.

The Defendant submits that, under the Guidelines, the controlling legal authority on this issue, see U.S. v. Gray, 177 F.3d 86, 93 (1st Cir.1999)("Whether a particular offense falls within the federal guidelines' criminal history framework is a question of federal law, not state law.") see also; U.S. v. Jones, 107 F.3d 1147 (6th Cir.1997); U.S. v. Carney, 106 F.3d 315 (10th Cir.1997); U.S. v. Rayner, 2 F.3d 286, 287 (8th Cir.1993); U.S. v. Kemp, 938 F.2d 1020, 1023-24 (9th Cir.1991); U.S. v. Daniels, 929 F.2d 128, 130 (4th Cir.1991); U.S. v. Unger, 915 F.2d 759, 763 (7th Cir.1990),  he was not "under a criminal justice sentence" at the time he committed the instant offense. First, notwithstanding its attempt to increase the Defendant's guideline range sentence in this case by more than four years, the Government has failed to produce any evidence on this issue. See United States v. Price, 409 F.3d 436, 444 (D.C. Cir. 1997)("The Government . . . carries the burden of proving any facts that may be relevant in sentencing."). Therefore, strictly as an evidentiary matter, there is insufficient factual basis to use the 1991 Virginia case in calculating the Defendant's criminal history.[2]

More important, even if the Court were to accept the representations now proffered by the

---

[2]The Defendant acknowledges that he agreed to file the initial pleading on this issue in this case. However, as the party seeking to use the 1991 case in the instant case, the burden of proof nevertheless rests with the Government on this issue. Price, 409 F.3d 436 (D.C. Cir. 2006).

Probation Department that action was taken in the case by the Virginia state courts in March of 2006, there is still an insufficient evidentiary basis to use the 1991 Virginia case in calculating the Defendant's criminal history. As noted above, the Defendant does not dispute that 1) on July 26, 2003, in a petition captioned "Probation Termination Request," the Virginia Department of Corrections requested that Mr. Schiffer's probation be terminated; 2) on August 11, 1993, Judge Harris granted the Probation Termination Request; and 3) on August 18, 1993, incorporating the Department of Corrections Probation Termination Request as part of the official record, Judge Harris entered an Order "releas[ing] [Mr. Schiffer] from further probation supervision effective this date."

For Guidelines purposes, the Defendant submits that the 1991 Virginia case was concluded as of August 18, 1993, when Judge Harris granted the Virginia Department of Corrections' Probation Termination Request.  Obviously, there was no custodial component of the sentence remaining. Nor was there any  "supervisory component" to the sentence remaining, such as "probation" (supervised or unsupervised), "parole," or "supervised release." See §4A1.2(d). Acting on the Virginia Department of Corrections' Probation Termination Request -- *not a request to modify or convert Mr. Schiffer's sentence from supervised probation to unsupervised probation* – Judge Harris, incorporating the Probation Termination Request into his Order, granted the Virginia Department of Corrections' Probation Termination Request. As of August 17, 1993, therefore, Mr. Schiffer was not on either supervised or unsupervised probation, or serving any type of sentence containing a "supervisory component." See Application Note 4. As a result, under the Guidelines, CR91-0330-00F cannot be used to calculate Mr. Schiffer's criminal history score.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER

            /s/
        _____
        MICHELLE PETERSON

            /s/
_____
        DAVID W. BOS
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, DC  20004
        (202) 208-7500

## CERTIFICATE OF SERVICE

     I, David W. Bos, Assistant Federal Public Defender, hereby certify that a copy of the attached Supplemental Sentencing Pleading has been served on Jeanne Hauch Esquire, Assistant United States Attorney, Office of the United States Attorney's Office, Judiciary Center Building, 555 Fourth Street, N.W., Washington, DC  20001.

        _____
        DAVID W. BOS
        Assistant Federal Public Defender

**DATE:**