**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. : 05-225 (PLF) |
| | : |
| **v.** | : |
| | : |
| **BRUCE A. SCHIFFER,** | : |
| | : |
| Defendant. | : |
| | : |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S SUPPLEMENTAL SENTENCING PLEADING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to the Defendant's Supplemental Sentencing Pleading.

**I. Defendant's criminal history places him in Category III.**

On October 14, 2005, under a plea agreement, defendant pleaded guilty to four counts: one count of Advertising Child Pornography, in violation of 18 U.S.C. § 2251(d), one count of Transporting Child Pornography, in violation of 18 U.S.C. §2252(a)(1), one count of Receiving Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4). Paragraph 9 of the plea agreement, noted that "[w]ith an expected criminal history category of III, the Sentencing Guidelines range is 262-327 months." The correct criminal history category for defendant is category III and the court should reject defendant's arguments that his criminal history places him in category I.

On April 10, 1991, defendant was convicted in Henrico County, Virginia of soliciting sodomy. Defendant was sentenced on June 19, 1991 to five years imprisonment, the execution of which was suspended on the condition that the defendant "keep the peace and be on good behavior

for a period of 20 years" and serve seven months in the county jail.[1] Upon his release from jail, defendant was placed on supervised probation. On August 7, 1993, the active component of supervision was terminated in an order stating that defendant was released from "further probation supervision."[2]

In the fall of 2005, the U.S. Probation Office notified the court in Henrico County, Virginia of defendant's conviction in this case. On January 23, 2006, the Henrico County court issued a show cause order. On March 29, 2006, the Henrico County court held a hearing at which defendant was present and was represented by counsel. Defendant was given the opportunity to state if he knew of any reason why judgment should not be pronounced against him. At the conclusion of the hearing, the Henrico County court revoked the prior sentence of confinement "for a term of five (5) years, the execution of which sentence was suspended for twenty (20) years on condition he serve (7) months in the Henrico County Jail." The court entered a new sentence of confinement "for a term of four (4) years and five (5) months, the execution of four (4) years and five (5) months," noting at the end of its written order, which was entered on June 2, 2006, that the "total sentence imposed" was "4 years and 5 months" and the "total sentence suspended" was "none."[3]

---

[1] A copy of this order is attached as Attachment One hereto.

[2] A copy of that order was made available for inspection by the parties by the Probation Officer but that office declined to provide the parties with a copy.

[3] A copy of that order is attached as Attachment 2 hereto. The government has taken steps to obtain a certified copy of that order and hopes to have it in hand by the date of sentencing, but notes that ordinarily certified copies are not required. Furthermore, the defense has possessed this copy for at least a month and raises no doubts about its authenticity or accuracy.

**A. Defendant is correctly assigned three points for his 1991 Virginia conviction.**

Sections 4A1.1 and 4A1.2 of the United States Sentencing Guidelines define basic criminal history calculations. Under §4A1.1(a), three points are to be added for each prior sentence of imprisonment exceeding one year and one month. Since his revocation and resentencing, defendant's 1991 conviction definitely counts as such a sentence. Application Note 1 to §4A1.1(a) notes that where a prior sentence of imprisonment resulted from a revocation, one should consult §4A1.2(k). Section 4A1.2(k)(1) states that the original term of imprisonment, here seven (7) months, should be added to the term imposed upon revocation, here four (4) years and five (5) months, for a total of five (5) years. Section 4A1.2(k)(2) indicates that revocation may affect the time period under which certain sentences are counted as provided in §4A1.2(d)(2) and (e) and that for an adult term of more than one year and one month, the date of last release from such sentence determines the applicable time period. Defendant was released in June 1991.

Sections 4A1.2(e) indicates that "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of defendant's commencement of the instant offense is counted," as is "any prior sentence of imprisonment exceeding one year and one month, when ever imposed, that results in the defendant being incarcerated during any part of such fifteen-year period." In this case, defendant started the instant offenses on or about October 13, 2004, meaning that under either definition above it would be counted, as fifteen years before would be October 13, 1989, and the sentence was both imposed and defendant served time on it in 1991, which is within that fifteen-year period. Thus, defendant is correctly assigned three points for his 1991 conviction.

### B. Defendant is correctly assigned two more points because he was under a "criminal justice sentence" when he committed the instant offenses.

Furthermore, defendant is correctly assigned an additional two points because he was under a "criminal justice sentence" at the time he committed the instant offenses. Under § 4A1.1(e), two points should be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The court in 1991 in Henrico County sentenced defendant to "keep the peace and be on good behavior for a period of 20 years." Thus defendant was subject to a "criminal justice sentence" when he committed the instant offenses. Defendant argues that because his formal supervised probation was terminated on August 7, 1993, he was no longer under a "criminal justice sentence." Defendant urges the Court to read this provision too narrowly and in a manner contrary to legal authority.

Application note 4 of §4A1.1(d) (at page 352 of the 2005 Guidelines) defines a "criminal justice sentence" broadly as a "sentence countable under §4A1.2 [] having a custodial or supervisory component, although active supervision is not required for this item to apply." It notes that "a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not." The requirement that defendant "keep the peace and be on good behavior for a period of 20 years" constitutes a "criminal justice sentence" within the meaning of §4A1.1(d). The fact that the court in Henrico County issued a Show Cause Order on January 23, 2006 and subsequently revoked and resentenced defendant proves this argument. Only if defendant were under a criminal justice sentence could the court in Virginia revoke and resentence defendant, and that is exactly what the Virginia court did.

There can be no question that Virginia law permitted revocation under the "good behavior" component of defendant's sentence, and revocability is the hallmark of a "criminal justice sentence." Virginia law provides that "the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the accused on probation under such conditions as the court shall determine." Va. Code Ann. § 19.2-303 (Michie 1995). The court may at any time before the sentence has been completely served suspend the sentence, place the person on probation, or otherwise modify the sentence. Id. In Dyke v. Commonwealth, 69 S.E.2d 483 (Va. 1952), the Virginia Supreme Court held that a suspended sentence predicated on "good behavior" is functionally the same as unsupervised probation. Id. at 486 (noting that "terms and conditions [such as requiring good behavior as a condition of a suspended sentence] are probation only in the sense that they require the defendant to observe a specified course of conduct; but they are not the supervised probation referred to in the statute"). The holding of the court in Dyke thus further undermines defendant's argument that termination of the active portion of probation means that defendant was no longer under a "criminal justice sentence." The "good behavior" component of his sentence was the hook that kept him at risk of revocation.

Federal courts have held that a sentence of unsupervised conditional release upon the condition of good behavior constitutes a term of unsupervised probation, and thus a "criminal justice sentence," within the definition of sentencing guideline §4A1.2. The Second Circuit and a district court in Virginia have so held in published opinions, as has the Fourth Circuit in an unpublished opinion. In United States v. Labella-Szuba, 92 F.3d 136 (2nd Cir.), cert. denied, 519 U.S. 1047 (1996), the Second Circuit rejected the argument that defendant's conditional discharge sentence arising from her conviction in New York state court was not a "criminal justice sentence" under

5

§4A1.1(d) because her sentence lacked a supervisory component. Id. at 138. Noting that under state law, the New York court could revoke defendant during the pendency of her conditional discharge if she committed another offense, the court held that "this supervisory component is sufficient to bring defendant's conditional discharge sentence within the meaning of a 'criminal justice sentence' under §4A1.1(d)." Id. (noting that "there is no discernible difference between a conditional discharge sentence and a sentence of unsupervised release"). Thus, revocability is the touchstone.

Similarly, in United States v. Eldridge, 155 F.3d 562, 1998 WL 393705 (4th Cir. 1998) (per curiam) (unpublished), cert. denied, 515 U.S. 1083 (1999), defendant disputed the two points he received for being under a "criminal justice sentence" for a suspended two-year sentence conditioned upon the payment of costs and "good behavior" on the grounds that "good behavior" was not a sentence of probation. The Fourth Circuit held that this sentence amounted to unsupervised probation and that "[u]nsupervised probation is considered a 'criminal justice sentence' for purposes of USSG §4A1.1(d)." Id. at 3. More recently, a federal district court in the Eastern District of Virginia has held that a defendant's Virginia conviction for which he was sentenced to one year of imprisonment suspended on condition of five years' "good behavior" constituted a term of unsupervised probation such that he was under a "criminal justice sentence" within the meaning of guideline §4A1.1(d). Beamon v. United States, 189 F. Supp. 350, 358 (E.D.Va. 2002).

In the closely analogous context of guideline §4A1.2(c), concerning sentences counted and requiring a "term of probation" of at least one year for a sentence to count, the Sixth, Seventh and Eighth Circuits (and the Fourth Circuit in an unpublished opinion) have held that conditional discharges are the equivalent of unsupervised probation and therefore count. In Harris v. United States, 204 F.3d 681, 682 (6th Cir. 2000), the Sixth Circuit held that the component of defendant's

6

sentence of "two years provided no convictions" was the functional equivalent of unsupervised probation and meant that his prior conviction counted under sentencing guideline §4A1.2(c)(1). In United States v. Caputo, 978 F.2d 972, 976-77 (7th Cir. 1992), the Seventh Circuit held that a sentence of a conditional discharge was simply probation without a probation officer, and thus was "a distinction without a difference so far as the purposes of the guideline exception is concerned." Id.(counting the conviction under §4A1.2(c)); see also United States v. Lloyd, 43 F.3d 1183, 1187 (8th Cir. 1994) (sentence of conditional discharge fell within meaning of "probation").

The Fourth Circuit cogently analyzed similar issues in United States v. Brown, 217 F.3d 841, 2000 WL 930786 (4th Cir. 2000) (per curiam) (unpublished), opining that the district court correctly included, under sentencing guideline §4A1.2(c), defendant's Virginia misdemeanor conviction for which he was on a twelve-month term of "good behavior." The Fourth Circuit found that defendant's "good behavior" requirement was the functional equivalent of a term of unsupervised probation. Id. at 11-12. See also, Alexander v. United States, 2005 WL 1278949 (W.D. Va. 2005) (unpublished) (holding that a Virginia suspended sentence with a one-year good behavior requirement qualified as a "term of probation" under §4A1.2(c), although he was not supervised by a probation officer).

### C. Defendant's total criminal history points place him in category III.

Defendant is assessed three points for his 1991 conviction, plus two points for committing the instant offenses while under a criminal justice sentence, plus one point for his April 30, 2002 Capias conviction in Virginia, resulting in a total of six criminal history points, which establishes a criminal history category of III.[4]

---

[4] The Presentence Investigation Report similarly concludes that defendant has a total of six points and belongs in criminal history category III.

**II. Submission of Victim Impact Statement.**

The government has received one victim impact statement and attaches it hereto as Attachment Three. This statement was prepared in connection with a similar case in which the photo of that child was also evidence. The victim was located through a list maintained by the FBI. Because of the nature of the case, the victim wishes that her name not be made public.

**III. Documents to be referred to at sentencing hearing**.

During allocution, the government plans to refer to two documents which were provided to the defense in discovery months ago. For the court's convenience, the documents are attached hereto as Attachments Four (List of Shelters) and Five (Mapquest directions to Boys Town).

**IV. CONCLUSION**

For the reasons explained previously in the Government's Memorandum in aid of sentencing and that shall be elaborated upon at the sentencing, the government respectfully urges the Court to find that defendant's criminal history places him in category III, and to impose a sentence at the high end of the Sentencing Guidelines range of 262-327 months.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451058

By: _____

Jeanne M. Hauch, DC Bar # 426585
Assistant United States Attorney
District of Columbia
National Security Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-5776

                                          _____
                                          Michelle Morgan-Kelly, DE Bar #3651
                                          Assistant United States Attorney
                                          Northern District of California
                                          450 Golden Gate Avenue
                                          San Francisco, CA 94531
                                          (415)436-6960
                                          (Formerly of the Child Exploitation and
                                          Obscenity Section, Washington, D.C.)

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing was served by fax and US Mail on counsel for the defendant, Michelle Petersen, Esq., and David Bos, Esq., Federal Public Defender for the District of Columbia, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004, Fax: 202-208-7515 on this 25th day of August, 2006.

                                          _____
                                          JEANNE M. HAUCH
                                          Assistant United States Attorney