AO 245B  (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| BRUCE A. SCHIFFER | Case Number: CR 05-225-PLF |
| | USM Number: 28147-016 |
| | David W. Bos & Michelle Peterson |
| | Defendant's Attorney |

FILED
SEP - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1, 2, 8 and 11 of the Indictment filed June 9, 2005

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2251(d)(1)(A) | Advertising Child Pornography | October 13, 2004 | 1 |
| 18 U.S.C. 2252(a)(1) | Transporting Child Pornography | January 7, 2005 | 2 |

The defendant is sentenced as provided in pages 2 through   12   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s) 3-7 and 9-10 of the Indictment filed June 9, 2005   is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 30, 2006
Date of Imposition of Judgment

*[Signature]*
Signature of Judge

Paul L. Friedman                    U. S. District Judge
Name of Judge                       Title of Judge

September 6, 2006
Date

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1A

Judgment—Page __2__ of __12__

DEFENDANT: BRUCE A. SCHIFFER
CASE NUMBER: CR 05-225-PLF

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2252(a)(2) | Receiving Child Pornography | November 20, 2004 | 8 |
| 18 U.S.C. 2252(a)(4) | Possessing Child Pornography | January 14, 2005 | 11 |

AO 245B   (Rev. 06/05) Judgment in Criminal Case
          Sheet 2 — Imprisonment

Judgment — Page __3__ of __12__

DEFENDANT:
CASE NUMBER:

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Three hundred (300) months on count 1; Sixty (60) months each on counts 2 & 8 to run concurrently; One hundred twenty (120) months on count 11 to run concurrently with the sentence for counts 1, 2 & 8. All counts shall run concurrently with each other. The sentence shall run concurrent to the sentence imposed in CR 91-0330-00F in the Commonwealth of Virginia.

☑ The court makes the following recommendations to the Bureau of Prisons:

Incarceration at F.MC. Devens, MA or any BOP facility in the Northeast; Psychiatric, sex offender and substance abuse treatment and counseling; Admission to the Sex Offender Treatment Program (SOTP) at F.C.I. Butner, NC 36 months prior to release.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page  4  of  12

DEFENDANT: BRUCE A. SCHIFFER
CASE NUMBER: CR 05-225-PLF

# ADDITIONAL SUPERVISED RELEASE TERMS

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which he is released. He shall abide by the general conditions of supervision that have been adopted by the U. S. Probation Office. The defendant shall also comply with the following special conditions:

1. Pursuant to 42 U.S.C. 14132a, for all felony offenses, the defendant shall submit to the collection and use of DNA identification information while incarcerated in the Bureau of Prisons, or at the direction of the U. S. Probation Office.

2. The defendant shall seek full-time legitimate employment and not be unemployed for a term of more than 30 days unless excused in writing by the U. S. Probation Officer. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U. S. Probation Officer.

3. The defendant shall obtain prior written approval from the U. S. Probation Officer before entering into any self-employment.

4. The defendant shall consent to the U. S. Probation Officer conducting periodic unannounced examinations of the defendant's computer(s) equipment which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U. S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software program systems to monitor the defendant's computer use.

5. The defendant shall maintain a daily log of all addresses via any personal computer (or other computer used by the defendant), other than for authorized employment, and make this log available to the U. S. Probation Officer.

6. The defendant shall not possess or use a computer that contains an internal modem and/or possess an external modem without the prior approval of the U. S. Probation Officer.

7. The defendant shall not possess or use any computer, except that the defendant may, with the prior approval of the U. S. Probation Officer, use a computer in connection with authorized employment.

8. The defendant shall not buy, sell, exchange, possess, trade or produce visual depictions of minors or children engaged in sexually explicit conduct. Further, the defendant shall not correspond or communicate in person or by mail, telephone, or computer with people or companies offering to buy, sell, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct nor any pornography, erotica nor nude images of any kind.

9. The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon the defendant.

10. The defendant shall have no personal, mail, telephone, or computer contact with children/minors under the age of 18 unless the contact has been disclosed to and approved in advance by the U. S. Probation Officer. In determining whether to approve such contacts involving members of the defendant's family, the Probation Officer shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

11. The defendant shall not be involved in any children's or youth organizations.

12. The defendant shall not be employed in a job requiring contact with children under the age of 18.

13. The defendant shall participate in an approved treatment program for substance abuse and mental health/sexual offender treatment, including psychological therapy to deal with the defendant's detachment disorder, as directed by the

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3B — Supervised Release

Judgment—Page  5  of  12

DEFENDANT: BRUCE A. SCHIFFER
CASE NUMBER: CR 05-225-PLF

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

U. S. Probation Officer, and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment, if deemed necessary. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U. S. Probation Officer, based on ability to pay or availability of third-party payment. Upon the direction of his probation officer, the defendant will submit to a polygraph examination.

14. The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U. S. Probation Officer.

15. The defendant shall turn over to the United States any and all revenue he receives which is derived from publication or production of any account of the events, facts or circumstances giving rise to this prosecution, unless any such revenues are subject to a court order for payment of damages to any victims of these crimes.

16. Within thirty (30) days of any change of address, the defendant shall notify the Clerk of the Court for the U. S. District Court, District of Columbia, of the change until such time as the financial obligation is paid in full.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

The Court finds that the defendant does have the ability to pay a fine and, therefore imposes a $40,000 fine in this case. The defendant shall make payments through the United States Bureau of Prisons' Inmate Financial Responsibility Program.

DEFENDANT: BRUCE A. SCHIFFER
CASE NUMBER: CR 05-225-PLF

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 40,000.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

　　☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRUCE A. SCHIFFER
CASE NUMBER: CR 05-225-PLF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

   ☐  not later than _____, or
   ☐  in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☒  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
   All personal property seized by the Federal Bureau of Investigation on January 14, 2005 at 1815 10th Street, N.W., Washington, D.C., from the possession of the defendant, including, but not limited to (a) HP Pavilion 7920 desktop

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: BRUCE A. SCHIFFER
CASE NUMBER: CR 05-225-PLF

## ADDITIONAL FORFEITED PROPERTY

computer, s/n MX12206684; (b) Dell Inspiration 1150 laptop computer, Model PP08L, s/n D3X3351; (c) KIWI laptop computer, Opennote 6801, s/n 96T1072834; (d) Dell Latitude CPX laptop computer, s/n 8JEBI; (e) Dell Latitude laptop computer, model TS30G1, s/n 6407346BYK0805A; (f) Generic computer labeled 192.168.1.102 containing zip drive; (g) Micron Millennia KKU computer, model A1440LX-P11233-MT, s/n 1128106-0004; (h) Various storage media including compact disks, DVDs, floppy diskettes, compact flash cards, and VHS tapes.